UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10076-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA

v.

ALEXIS VISCAINO CERVANTES et al.,

    Defendants.
_____/

## GOVERNMENT'S SECOND RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendants.

           2.    That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.    No defendants testified before the Grand Jury.

           4.    The NCIC records of the defendants, where any exist, are attached.

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. *Please call the undersigned to set up a date and time that is convenient to all parties.*

                The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

      6.      The autopsy report completed in connection with this case is attached.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government hereby advises the defendants of its intent to introduce proof of evidence pursuant to Federal Rule of Evidence 404(b) during its case-in-chief. You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Federal Rule of Evidence. 404(b) or otherwise (including the inextricably-intertwined doctrine).

      The government advises that it will rely on the following evidence at trial:

- On April 15, 2005, Alexis Viscaino Cervantes along with another individual was stopped on a vessel 16 nautical miles of the Dry Tortugas with 25 undocumented Cuban aliens on board.
- On June 18, 2008, Alexis Viscaino Cervantes, Arley Ceballo Gonzalez and other individuals were stopped by the United

       States Coast Guard near Elliot Key, Florida, with numerous empty fuel drums and satellite phones.

- On January 24, 2008, Humberto Carranza was stopped by the United States Coast Guard on a vessel in international waters near Cuba.

- On October 24, 2007, Arley Ceballo Gonzalez was stopped by the United States Coast Guard on a vessel which was tracked leaving the vicinity of Cuidad de la Habana, Cuba.

  The documents regarding this evidence, including but not limited to the defendants' alien registration files and law enforcement reports, are available for inspection at the United States Attorneys' Office. Please contact the undersigned to arrange a discovery conference.

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  If you wish to inspect the vessel used in the commission of the offense charged, please contact the undersigned. As of November 24, 2008, all three vessels were made available to defense counsel and no further requests for inspection have been received by the undersigned.

  Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

  Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

  If you anticipate that this deadline may create a problem for you or your clients, please promptly send written notice via electronic mail to the undersigned.

M.  The government is not aware of any latent fingerprints or palm prints which

      have been identified by a government expert as those of the defendants. If such latent fingerprints or palm prints are identified, the government will produce them when received.

N.  The government has received a request for disclosure of the subject matter of expert testimony that the government reasonably expects to offer at trial.

    The government believes that expert testimony may be necessary regarding the following subject matter:

      1. GPS technology

      2. Satellite Phones

      3. Fingerprint Analysis

      4. Forensic Analysis

    The government may disclose additional subject matter of expert testimony should it becomes necessary.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. Please consult the undersigned to discuss any stipulations.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time: See Indictment
    Date: See Indictment
    Place: See Indictment

      The attachments to this response are numbered pages 539-674. Please contact the undersigned Assistant United States Attorney if any pages are missing.

          Respectfully submitted,

          R. ALEXANDER ACOSTA
          UNITED STATES ATTORNEY

          By: /s/ Cristina Pérez Soto
          A. CRISTINA PÉREZ SOTO
          Assistant United States Attorney
          Court ID No. A5501166
          99 Northeast 4th Street
          Miami, Florida 33132
          (305) 961-9122
          (305) 530-7976(fax)
          Cristina.Soto@usdoj.gov

          By: /s/ Russ Brown
          RUSS BROWN
          Special Assistant United States Attorney
          Court ID No. A5501216
          99 Northeast 4th Street
          Miami, Florida 33132
          Tel: (305) 961-9279
          Fax: (305) 530-7976
          Russell.Brown2@usdoj.gov

cc:    Special Agent Gina Shockley
       Immigration and Customs Enforcement

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system on November 24, 2008. In addition, a copy of the foregoing document and the attachments was sent via Federal Express overnight deliver to the following:

Stewart Glenn Abrams
Assistant Federal Public Defender
150 West Flagler Street
Miami, Florida 33130-1556

Herman Frank Rubio, Jr.
10800 Biscayne Boulevard
Miami, Florida 33161-7400

Paul Joseph Donnelly
1 NE 2nd Avenue, Suite 200
Miami, Florida 33132

Albert Zachary Levin
261 NE First Street
6th Floor
Miami, Florida 33132

Mario Stephen Cano
2121 Ponce De Leon Boulevard
Suite 950
Coral Gables, Florida 33134-5218

Mauricio Lopez Aldazabal
2655 LeJuene Road, Suite 1001
Coral Gables, Florida

Philip Robert Horowitz
9130 South Dadeland Boulevard
Suite 1910 – Two Daltran Center
Miami, Florida 33156

By:   /s/ Cristina Pérez Soto
Assistant United States Attorney